**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**TRAXCELL TECHNOLOGIES, LLC,**
      **Plaintiff,**

      **v.**                            **CASE NO. 6:21-cv-00023**

**GOOGLE LLC,**
      **Defendant.**

                                     **JURY DEMAND**

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Traxcell Technologies, LLC. ("Traxcell") files this Original Complaint, and demand for jury trial seeking relief from patent infringement by Google LLC ("Defendant" or "Google"), alleging infringement of the claims of U.S. Pat. No. 9,918,196 and U.S. Pat. No. 9,549,388 (collectively referred to as "Patents-in-Suit"), as follows:

### I.        THE PARTIES

1.   Plaintiff Traxcell is a Texas Limited Liability Company, with its principal place of business located at 103 Country Club Drive. #508, Marshall, Texas 75672.

2.   Defendant Google LLC is a Delaware corporation with a principal place of business located at 1600 Amphitheater Parkway, Mountain View, California 94043. Google designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States smartphones, tablets, iPods, desktop computers, and notebook computers that use Google Maps. Google markets, sells, and offers to sell its products and/or services, including those accused herein of infringement, to actual and potential customers and end-users located in Texas and in the judicial Western District of Texas such as at the Google maintains a permanent physical presence within the Western District of Texas, conducting business from at least its locations at: 9606 North Mo-Pac Expressway, Suite 700, Austin, Texas 78759; 500 West 2nd Street, Suite 2000, Austin, Texas

78701; 4100 Smith School Road, Austin, Texas 78744; as well as other locations in and around the Austin area.

3.   Google is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.   Google has placed or contributed to placing infringing products like the Google Maps for use on a computing device connected to a wireless network into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas. On information and belief, Google also has derived substantial revenues from infringing acts, including but not limited to advertising, business APIs, private usage, OEM usage, and/or the like.

## II.  JURISDICTION AND VENUE

5.   This is an action for patent infringement arising under the patent laws of the U.S., 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

6.   This Court has personal jurisdiction over Defendants because: Defendants are present within or has minimum contacts within the State of Texas and this judicial district; Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendants regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this judicial district. The amount in controversy is more than $75,000.00.

7.  Venue is proper in this judicial district per 28 U.S.C. §§ 1391 and 1400(b). Google has committed acts of infringement in this judicial district and maintains regular and established places of business in this district, as set forth above. Google has continuous and systematic business contacts with the State of Texas. Google, directly or through subsidiaries or intermediaries (including distributors, retailers, contract manufacturers, and others), conducts its business extensively throughout Texas, by shipping, manufacturing, distributing, offering for sale, selling, and advertising (including the provision of interactive web pages) its products and services in the State of Texas and the Western District of Texas. Google, directly or through subsidiaries or intermediaries (including distributors, retailers, contract manufacturers, and others), has purposefully and voluntarily placed its infringing products and services into this District and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.

### III.  INFRINGEMENT ('196 Patent (attached as Exhibit A))

8.   On March 13, 2018, U.S. Patent No. 9,918,196 ("the '196 patent"), attached as Exhibit A, entitled "Internet queried directional navigation system with mobile and fixed originating location determination" was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '196 patent by assignment.

9.  The '196 Patent's Abstract states, "A mobile wireless network and a method of operation provide directional assistance in response to an Internet query. The directional assistance is provided from a location of the querying device to a destination that may be selectively prompted based on whether the destination is a nearby business, a type of business, a street address, or another mobile device or fixed telephone location. The location of the querying

3

device is also selectively determined depending on whether the querying device is a wireless device such as a mobile telephone, or whether the device has a presumed fixed location, such as an ordinary telephone connected to a public-switched telephone network (PSTN).

10. The following preliminary exemplary chart provides notice of Traxcell's allegations of infringement.

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| A method of providing navigation assistance to a user of a communications device, the method comprising: | The Google Maps online navigation service and the Google Maps server-side or cloud infrastructure needed to provide the service, constitute the "Accused System".<br><br>The term "Google Maps" encompasses and includes all the versions and variants of the Google Maps web (for PC) and the Google Maps app (Google Maps app for Android and iOS devices) and the applications supported by the Google Maps Platform.<br><br>The "method of providing navigation assistance to a user of a communications device" refers to the method by which Google Maps provides online navigation assistance (directions) to a user of a communications device or UE (example: mobile phone, smartphone, laptop, tablet, iPhone, iPad etc.) including the Google Maps app or including a browser plugin enabling access to the Google Maps website or having other means to access the Google Maps website, for querying and receiving navigation instructions for travelling from a starting location (current location of the communications device or a location specified by its user as the 'origin') to a destination location (a location specified by the said user as the 'destination').<br><br>The "communications device" refers to a UE (example: mobile phone, smartphone, laptop, tablet, iPhone, iPad etc.) including the Google Maps app or including a browser plugin enabling access to the Google Maps website or having other means to access the Google Maps website for querying and receiving navigation instructions for travelling from a starting location (current location of the communications device or a location specified by its user as the 'origin') to a destination location (a location specified by the said user as the 'destination'). |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | The said "communications device" (the user of the said "communications device") is device of including but not limited to Verizon, T-Mobile, Sprint, SPRINT, Nokia, and the other United States communications device provider. Verizon, T-Mobile, Sprint, supports the Google Maps online navigation service on devices that are subscribed to wireless telecommunications network services of the Verizon, T-Mobile, Sprint, SPRINT, Nokia or any other united states carrier. Verizon, T-Mobile, SPRINT, etc. provides the mobile data service required to use the Google Maps online navigation service. Google Maps provides navigation assistance (directions) to a "user of a communications device" for travelling from a starting location (Ex: Starbucks, 13-25 Astor Pl, New York, NY 10003, USA) to a destination location (Ex: Central Park South, New York, NY, USA). |
| receiving, by a directional assistance service, an Internet query initiated at the communications device and directed via the Internet to initiate a request for navigational assistance to a destination; | Navigation using Google Maps online navigation service is a well-known example of off board navigation. To elaborate, an off board navigation system is a client/server system wherein only the user interface (UI) resides on the client's (user's) communications device and all the databases (GIS and/or mapping) and infrastructure required for computation (of route, distance, travel time, traffic etc.) reside remotely on a server or a network of servers (the server-side) located on the world wide web (www). The server-side could also comprise virtual (instead of physical) or cloud server infrastructure. The client side (user interface or UI at a user's communications device) can only communicate with the server-side via the Internet. This claim element refers to the method and process involved in initiating a navigation query, using Google Maps online navigation service, to obtain directions (navigation assistance) for travelling from a starting location to a destination location. The process involved in initiating the said navigation query includes inputting a destination location at the Google Maps' user interface (UI) at the user's communications device, and sending the said query via Internet to the remote Google Maps server (cloud server). The said remote Google Maps server (cloud server) receives the said query via Internet. The term "directional assistance service" herein refers to Google Maps online navigation service supported and facilitated by wireless telecommunications network of the Verizon, T-Mobile, Sprint, SPRINT, Nokia or any other united states carrier. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | The "communications device" refers to a UE (example: mobile phone, smartphone, laptop, tablet, iPhone, iPad etc.) including the Google Maps app or including a browser plugin enabling access to the Google Maps website or having other means to access the Google Maps website, for querying and receiving navigation instructions for travelling from a starting location (current location of the communications device or a location specified by its user as the 'origin') to a destination location (a location specified by the said user as the 'destination').<br><br>The method of using the Google Maps for navigation includes initiating a query at the communications device to initiate a request for navigational assistance for travelling from a starting point (which could be the current location of the user's communications device) to a destination, by specifying (inputting) the destination and the starting point (if different from the current location of the user's communications device).<br><br>The said query is directed via the Internet to the remote Google Maps server (cloud server). In other words, the Google Maps server (cloud server) receives the said query through the Internet. Google Maps online navigation is an example of off board navigation. In other words, Google Maps online navigation system is a client/server system wherein only the user interface (UI) resides on the client's (user's) communications device and all the databases (GIS and/or mapping) and infrastructure required for computation (of route, distance, travel time, traffic etc.) reside remotely on a Google Maps server or a network of servers (the server-side) located on the world wide web (www). The server-side could also comprise virtual (instead of physical) or cloud server infrastructure. The client side (user interface or UI at a user's communications device) can only communicate with the server-side via the Internet. In other words, destination is input and a query is initiation at the Google Maps user interface (UI) at the client device and the query (including the input destination) is communicated from the client-side (client or user's communications device) to the remote server-side (Google Maps server) via the Internet. The Google Maps server, upon receiving the query (including the input destination) communicated from the client-side (client or user's communications device) via the Internet, identifies the required map tiles (or grid squares), computes or calculates the route(s), and downloads the required map tiles (or grid squares) and the computed or calculated route(s) to the client-side (client or user's communications device) via the Internet.<br><br>The aforementioned fact that Google Maps online navigation is an example of off-board navigation is established from the following details available in the public domain –<br><br>a) In Attachment 8, which is a copy of information on off-board navigation available on the Wikipedia, Google Maps (online navigation) is cited as an example of off-board navigation system. The following is mentioned therein – |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | "In addition to navigation software, there are also route planner as offboard solution. The difference to the conventional route planning in the Internet is the possibility of the location transmission of the user. Google Maps offers such a mobile route planner with the Google Maps Mobile software."<br><br>Attachment 8 also elaborates on and describes off-board navigation. The following is mentioned therein –<br><br>"The **offboard navigation** allows the use of a mobile phone as a navigation system, with the route data and maps not stored on the device. Using special navigation software, the user contacts an external server via UMTS or GPRS and downloads the desired route information and maps from there. In everyday language, off-board navigation is also called "mobile phone navigation".<br><br>"The difference between offboard navigation and onboard navigation: In the case of onboard navigation, the route data and maps are stored together with navigation software in the mobile device. This requires a lot of storage space, so onboard navigation is only suitable for devices with a larger processor and more storage space, such as PDAs and smartphones. For offboard navigation, however, are now many popular mobile phones with Java operating system (J2ME). A prerequisite for offboard navigation is that the mobile phone can connect to the Internet via UMTS or GPRS. Both variants require GPS reception. It must therefore have an integrated or an externally connected GPS receiver (GPS mouse). If an external GPS receiver is used, the two devices are now usually coupled together via Bluetooth."<br><br>b) In Attachment 9, which is a copy of information on Google Maps navigation available on the Wikipedia, Google Maps (online navigation) is described as an off-board navigation system, which subsequent to receiving a destination input at the client-side user interface (UI) obtains map and route information (from its server) via the Internet. The following is mentioned therein –<br><br>"**Google Maps Navigation** is a mobile application developed by Google for the Android and iOS operating systems that was later integrated into the Google Maps mobile app. The application uses an Internet connection to a GPS navigation system to provide turn-by-turn voice-guided instructions on how to arrive at a given destination. The application requires connection to Internet data (e.g. 3G, 4G, WiFi, etc.) and normally uses a GPS satellite connection to determine its location. A user can enter a destination into the application, which will plot a path to it. The app displays the user's progress along the route and issues instructions for each turn." |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | "Once the user has searched for a destination, the map will cache along the intended route. Note that the application requires an Internet connection to search for the route, but once a route has been found, the user no longer requires an Internet connection as the route is temporarily saved onto the device." |
| | c) In Attachment 10, which is a copy of information on Google Maps available on the Wikipedia, Google Maps (online navigation) is described as an off-board navigation system, wherein subsequent to inputting a destination input at the client-side user interface (UI) map tiles (or grid squares) are downloaded to the client-side (user's communications device) from the remote Google Maps server via the Internet. The following is mentioned therein – |
| | "As the user drags the map, the grid squares are downloaded from the server and inserted into the page. When a user searches for a business, the results are downloaded in the background for insertion into the side panel and map; the page is not reloaded." |
| | d) Attachment 11 describes Google Maps (online navigation) as an online and off board navigation system, which upon destination input and query initiation at the UI at the client device, downloads maps to the client device from its remote server via Internet. Attachment 11 also elaborates on and describes a typical "online/off board navigation system". |
| | The following is mentioned therein – |
| | "**Navigation online / offboard** This refers to a navigation **solution** that does not store your maps in the internal memory of the smartphone or on its SD card, but during use continuously from a server on the Internet. Thus, a continuous, wideband broadband Internet connection (UMTS, HSDPA, in the future also LTE) during the navigation is mandatory requirement.<br>**Benefits of this online solution:** You do not have to worry about map updates, but always automatically use the most up-to-date maps available. In addition, the two most popular online navigation solutions for Android are free: Skobbler from a Berlin company and the well-known Google Maps Navigation."<br><br>Attachment 11 also mentions the amount of data Google Maps (online navigation) requires. The following is mentioned therein – |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
|  | "However, these free online solutions certainly have disadvantages: they cause considerable data traffic between the server of the navigation solution provider and your smartphone. If you only select the map view on Google Maps, you can significantly reduce the traffic: A 55-kilometer route caused only 1 MB of traffic in Google Maps Navigation in the map view. In the satellite view, it was on the same route 11 MB of traffic!"<br><br>"And of course, an online solution requires a good internet connection. So, if you're often away from metropolitan areas in areas with poor data connectivity and therefore usually surf at edge speeds, then you should opt for an onboard solution. However, the use of Google Maps Navigation worked well with Edge, if you do not unnecessarily increase the resulting traffic. **Therefore, our tip:** With an online navigation solution like Google Maps Navigation, you should do without the satellite view and only choose the map view if the internet connection is poor and / or the monthly traffic limit is low."<br><br>e) Attachment 12 describes Google Maps (online navigation) as an off board navigation system, which upon destination input and query initiation at the UI at the client device, downloads maps to the client device from its remote server via Internet. The following is mentioned therein – "Using GPS and mobile network, Google Maps locates you with astonishing precision. If you are looking for restaurants, petrol stations or ATMs, you will not only get the corresponding contact details and the position on the map, but you can also be directed there directly. With Google Map you always check your current position and find the best route to your desired destination. Who wants to use the free navigation frequently, should get an internet flat rate, as Google Maps pulls the map data from the Internet (Offboard- Navigation)."<br><br>f) Attachment 4 indicates that Google Maps (online navigation) is an off board navigation system, which upon destination input and query initiation at the UI at the client device, downloads maps to the client device from its remote server via Internet. It also confirms that wireless telecommunications network (T-Mobile, Verizon, SPRINT, etc.) provides the mobile data service required to use the Google Maps online navigation service. The following is mentioned therein –<br><br>"Google maps has offline maps feature save mobile data. Global Positioning Service - GPS is provided free of cost by satellite everywhere. Data will be used to get maps on the go with T Mobile, Verizon, Sprint, Airtel, Vodafone."<br><br>"**Google maps app** is FREE to use but they do need **area maps** to be downloaded. Google maps allows offline or without internet access of their maps, if you have downloaded them earlier on your mobile." |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | "If not downloaded, and you use Google maps to find directions using your own FREE GPS receiver (installed in your smartphone) using your mobile internet connection to get maps on the go and show you directions." |
| | "Remember, Google maps (if maps not already available) would need the internet connection and would incur internet data charges in |
| | roaming." |
| | So, based on the foregoing information it is established that navigation using Google Maps online navigation service is an example of off board navigation. As we have learnt, an off board navigation system is a client/server system wherein only the user interface (UI) resides on the client's (user's) communications device and all the databases (GIS and/or mapping) and infrastructure required for computation (of route, distance, travel time, traffic etc.) reside remotely on a server or a network of servers (the server-side) located on the world wide web (www). The server-side could also comprise virtual (instead of physical) or cloud server infrastructure. The client side (user interface or UI at a user's communications device) can only communicate with the server-side via the Internet. In other words, destination is input and a query is initiation at the Google Maps user interface (UI) at the client device and the query (including the input destination) is communicated from the client-side (client or user's communications device) to the remote server-side (Google Maps server) via the Internet. The Google Maps server, upon receiving the query (including the input destination) communicated from the client-side (client or user's communications device) via the Internet, identifies the required map tiles (or grid squares), computes or calculates the route(s), and downloads the required map tiles (or grid squares) and the computed or calculated route(s) to the client-side (client or user's communications device) via the Internet.

The said query is communicated from the Google Maps' client-side to the Google Maps server in the form of a URL

The method of using the Google Maps for navigation includes initiating a query at the communications device to initiate a request for navigational assistance for travelling from a starting point (which could be the current location of the user's communications device) to a destination, by specifying (inputting) the destination and the starting point (if different from the current location of the user's communications device).

The said query is directed via the Internet to the remote Google Maps server (cloud server). In other words, the Google Maps server (cloud server) receives the said query through the Internet. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| responsive to receiving the Internet query, determining whether or not the communications device is a mobile wireless communications device; | Google Maps is programmed to identify the "phone type" (or device type) and the "unique identifier" of the communications device (UEat which the said navigation query is initiated. In other words, Google Maps determines whether or not the said communications device (UE) is a mobile wireless communications device (UE).<br><br>"a mobile wireless communications device" refers to a mobile wireless communications device or UE (example: mobile phone, smartphone, laptop, tablet, iPhone, iPad etc.), which includes the Google Maps app or includes a browser plugin enabling access to the Google Maps website or has other means to access the Google Maps website for querying and receiving navigation instructions for travelling from a starting point (current location of the communication's device or a location specified by its user as the 'origin') to a destination location (a location specified by the said user as the 'destination').<br><br>In Attachment 20, Google Privacy Policy document, it is clearly mentioned that Google (Google Maps) collects information such as device type, phone number and unique identifiers pertaining to the communications device (UE) at which a navigation query is initiated and communicated to the Google Maps server. In other words, Google Maps has means to determine whether a querying communications device (UE) is a mobile wireless communications device (UE) or not.<br><br>The following is mentioned therein –<br><br>"Information we collect as you use our services<br><br>From the aforementioned, it is also confirmed that whenever a communications device uses Google Maps, information such as mobile network information including name of the carrier serving the said communications device are collected by Google (Google Maps). In other words, Google Maps can also ascertain whether the communications device (UE) at which the said navigation query is initiated, is connected to the Google Maps server through a wireless telecommunications network service (i.e. through RF signal-based communication) or through a Wi-Fi network supported by a fixed-line or wired broadband Internet service.<br><br>A copy of the Google Play webpage displaying information on Google Maps app updated on November 8, 2018, it is clearly mentioned that the Google Maps app has access to Phone, Device ID and Call information pertaining to the device on which it is installed, and it can read "phone status and identity". In other words, Google Maps has means to determine whether a querying communications device (UE) is a mobile wireless communications device (UE) or not.<br><br>Google Maps app installed on a communications device can "view Wi-Fi connections" and can "view network connections" pertaining to the said communications device. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | In other words, Google Maps can also ascertain whether the communications device (UE) at which the said navigation query is initiated, is connected to the Google Maps server through a wireless telecommunications network service (i.e. through RF signal-based communication) or through a Wi-Fi network supported by a fixed-line or wired broadband Internet service.<br><br>In summary, Google Maps has means to determine whether a querying communications device (UE) is a mobile wireless communications device (UE) or not, and also whether the said communications device (UE) is connected to the Google Maps server through a wireless telecommunications network service (i.e. through RF signal-based communication) or through a Wi-Fi network supported by a fixed-line or wired broadband Internet service. |
| responsive to determining that the communications device is the mobile wireless communications device, the directional assistance service determining and using a present location of the mobile wireless communications device as a location of the communications device; | If the Google Maps online navigation service determines that the said navigation query has been initiated at a mobile wireless communications device (UE), and that the said query was communicated through a wireless telecommunications network service (i.e. through RF signal-based communication), Google Maps determines current location of the mobile wireless communications device (UE) and uses it as the starting point for providing navigation information (instructions or directions) to travel to the destination input by the user of the said communications device (UE).<br><br>The "the mobile wireless communications device" or the "communications device" refers to the mobile wireless communications device or UE (example: mobile phone, smartphone, laptop, tablet, iPhone, iPad etc.) at which the navigation query was initiated.<br><br>A user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on an Android smartphone). The Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the route(s) and directions, and downloads the computed or calculated route(s) and directions to the user's mobile wireless communications device.<br><br>A user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on an Android smartphone). The Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | route(s) and directions, and downloads the computed or calculated route(s) and directions to the user's mobile wireless communications device.<br><br>As has been mentioned with reference to the previous claim element, Google Maps, upon receiving a navigation query from a user's communications device, determines whether or not the said communications device is a mobile wireless communications device.<br><br>Aa user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on a smartphone). Implying that the Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the route(s) and directions, and downloads the computed or calculated route(s) and directions to the user's mobile wireless communications device.<br><br>A user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on an Android phone or tablet). The Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the route(s) and directions, and downloads the computed or calculated route(s) and directions to the user's mobile wireless communications device. |
| responsive to determining that the communications device is not the mobile wireless communications device, obtaining a fixed location associated with the communications device to determine the location of the | As mentioned previously, Google Maps is programmed to identify the "phone type" (or device type) of the communications device (UE) at which the said navigation query is initiated, and also to ascertain whether the communications device (UE) at which the said navigation query is initiated, is connected to the Google Maps server through a wireless telecommunications network service (i.e. through RF signal-based communication) or through a Wi-Fi network supported by a fixed-line or wired broadband Internet service.<br><br>In other words, Google Maps has means to determine whether a querying communications device (UE) is a mobile wireless communications device (UE) or not, and also whether the said communications device (UE) is connected to the Google Maps server through a wireless telecommunications network service (i.e. through RF signal-based communication) or through a Wi-Fi network supported by a fixed-line or wired broadband Internet service. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| communications device; and | In the Google Privacy Policy document, it is clearly mentioned that Google (Google Maps) collects information such as device type, phone number and unique identifiers pertaining to the communications device (UE) at which a navigation query is initiated and communicated to the Google Maps server. In other words, Google Maps has means to determine whether a querying communications device (UE) is a mobile wireless communications device (UE) or not. The following is mentioned therein: |
| the directional assistance service providing navigation information to the communications device in response to the Internet query, wherein the navigation provides directions for proceeding from the location of the communications device to a location of the destination. | In response to receiving the navigation query (which includes the "destination" entry input by the user at the Google Maps client-side user interface or UI residing at the user's communications device) initiated at the communications device (UE) and directed via the Internet, Google Maps server determines the current location of the querying (the user's) communications device, considers it the default starting point, ascertains the location of the input "destination", computes and provides the navigation information (directions) to the said communications device (UE) to travel from the current location of said communications device (UE) to the input destination.<br><br>A user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on an Android smartphone). The Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the route(s), and downloads the computed or calculated route(s) to the user's mobile wireless communications device. In this manner, Google Maps provides the navigation information (directions) to the said communications device (UE) to travel from the current location of said communications device (UE) to the input destination.<br><br>A user can simply input a "destination" entry and initiate a navigation query on the Google Maps' client-side user interface (UI) at the user's mobile wireless communications device (Google Maps app on an Android smartphone). The Google Maps server, upon receiving the navigation query (including input "destination") from the client-side via Internet, determines the "current location" of the user's mobile wireless communications device, uses it as the default starting point, ascertains the location of the input "destination", computes or calculates the route(s), and downloads the computed or calculated route(s) to the user's mobile wireless communications device. In this manner, Google Maps provides the navigation information (directions) to the said communications device (UE) to travel from the current location of said communications device (UE) to the input destination. |

11. Defendant makes, uses, offers to sell, and/or sells within or imports into the wireless-network components, related applications and programs, and related services that use identified locations of wireless devices to provide directional assistance such that

Defendant infringes claims 1–30 of the '196 patent, literally or under the doctrine of equivalents.

12. Defendant put the inventions claimed by the '196 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant obtaining monetary and commercial benefit from it.

13. Defendant has and continues to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, such as Verizon, T-Mobile and Sprint), and continues to do so, on how to use its products and services (e.g., wireless-network components and related applications and programs that use identified locations of wireless devices to provide directional assistance) such to cause infringement claims 1–30 of the '196 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known and should have known of the '196 patent, by at least by the date of the patent's issuance, or from the issuance of the '284 patent, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendant's patent applications, such that Defendant knew and should have known that it was and would be inducing infringement.

14. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies, such as Verizon, T-Mobile and Sprint), and continues to do so, on how to use its products and services e.g., wireless-network components and related applications and programs that use identified locations of wireless devices to provide directional assistance) such as to cause

infringement of one or more of claims 1–30 of the '196 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '196 patent and the technology underlying it from at least the date of issuance of the patent or from the issuance of the '284 patent, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendant's patent applications, such that Defendant knew and should have known that it was and would be contributorily infringing.

15. Defendants have caused and will continue to cause Traxcell damage by infringing the '196 patent.

## IV.    INFRINGEMENT ('388 Patent (Attached as exhibit B))

16. On January 17, 2017, U.S. Patent No. 9,549,388 ("the '388 patent") entitled "Mobile wireless device providing off-line and on-line geographic navigation information" (attached as Exhibit D) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '388 patent by assignment.

17. The '388 Patent's Abstract states, "A mobile device, wireless network and their method of operation provide both on-line (connected) navigation operation, as well as off-line navigation from a local database within the mobile device. Routing according to the navigation system can be controlled by traffic congestion measurements made by the wireless network that allow the navigation system to select the optimum route based on expected trip duration."

18. The following preliminary exemplary chat provides Traxcell's allegations of infringement.

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| A wireless communications system including: | The Google Maps online navigation service and the Google Maps server-side or cloud infrastructure needed to provide the service, constitute the "Accused System". |
| a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna to which the first radio-frequency transceiver is coupled, wherein the first radio-frequency transceiver is configured for radio-frequency communication with a wireless communications network; | When a wireless communication device transceivers and antennas are in communication, they are coupled. Further, in addition to being so coupled, the transceiver of each Exhibit-B item is also configured for RF-communication wireless communication networks, such as AT&T, Verizon, T-Mobile, and other US networks (Cellular or WLAN) via Google Maps which comes preloaded on Exhibit-B items.<br><br>Wireless mobile communication device — including but not limited to Google's branded devices<br><br>such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc.— include radio-frequency transceivers and an associated antenna. When wireless communication device transceivers and antennas are in communication, they are coupled. Further, in addition to being so coupled, the transceiver of each is also configured for RF-communication with the wireless communication network. |
| a first processor within the wireless mobile communications device coupled to the at least one first radio-frequency transceiver | Wireless mobile communication device- including but not limited to Google's branded devices such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc. (refer Exhibit B for complete list) has a processor, for example, Quad-Core/ Octa-core processor.<br><br>Each Exhibit-B-listed mobile wireless communications device's motherboard processor is programmed to process location-service information; i.e., to receive a location of the device from the wireless communications network (which is communicated to the device from the first RF transceiver) and generate an indication of the device's location with respect to geographic features according to mapping information stored within the device. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | For example, the motherboard processor may use Google Maps to view and find places around the globe. The processor and base station transceivers communicate by RF communication and, thus, when doing so are communicatively coupled. |
| programmed to receive a location of the wireless mobile communications device from the wireless communications network and generate an indication of a location of the wireless mobile communications device with respect to geographic features | Plaintiff contends the Exhibit-B-listed mobile-wireless-communications device's motherboard processor is programmed to process location-service information; i.e., to receive a location of the device from the wireless communications network and generate an indication of the device's location.<br><br>For example, the motherboard processor may use Google Maps to obtain the device's location and provide direction from that location to a destination. Wireless mobile communication device- including but not limited to Google's branded devices such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc. has a processor for example, Quad-Core processor. When wireless communication device transceivers and processor are in communication, they are coupled. Further, the Location-based Service (LBS) provider, such as Google Map, on the Exhibit-B utilizes the processor coupled to the transceiver to estimates/receive the location on mobile wireless communications devices by utilizing wireless communication network or first computer.<br><br>For example, the motherboard processor may use Google Maps to view and find places around the globe. Google map can also show your current location and provide direction (including with respect to geographic features such as nearby restaurants) from your location/source to any destination.  In using Google Maps App, the mobile wireless communication device's motherboard processor generates signals for displaying on the device's screen a blue dot that shows the current location of the wireless mobile communication device. The Google map app estimates the location of the device from 3 sources: GPS (GPS uses satellites and knows your location within a few meters), Wi-Fi (the location of nearby Wi-Fi networks helps Maps know where you are), and cell towers (cell tower can be accurate up to a few thousand meters). When Google Maps isn't sure about your location, a light blue circle around the blue dot is shown. You might be anywhere within the light blue circle. The smaller the circle, the more certain the app is about your location.<br><br>Furthermore, Google Maps App provides flexibility to download maps on SD card/internal memory of communication device examples of compatible devices is |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
|  | Samsung Galaxy S20, Pixel 4a, Pixel 4a 5G, Pixel 5, etc., and navigate offline. When internet is slow or mobile data is expensive, or communication device cannot connect to internet, an area can be saved to phone or tablet (Exhibit B) from Google maps app and use it when offline. Communication device can use Offline maps for Navigation through the downloaded area without internet. |
| according to mapping information stored within the wireless mobile communications device, and | Plaintiff contends Google's and others mobile-wireless-communications device's motherboard processor is programmed to process location-service information; i.e., to receive a location of the device from the wireless communications network and generate an indication of the device's location.<br><br>For example, the motherboard processor may use Google Maps to obtain the device's location and provide direction from that location to a destination. Wireless mobile communication device- including but not limited to Google's branded devices such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc. (refer Exhibit B for complete list) has a processor for example, Quad-Core processor. When wireless communication device transceivers and processor are in communication, they are coupled. Further, the Location-based Service (LBS) provider, such as Google Map, on the Exhibit-B utilizes the processor coupled to the transceiver to estimates/receive the location on mobile wireless communications devices  by utilizing wireless communication network or first computer.<br><br>For example, the motherboard processor may use Google Maps to view and find places around the globe. Google map can also show your current location and provide direction (including with respect to geographic features such as nearby restaurants) from your location/source to any destination.  In using Google Maps App, the mobile wireless communication device's motherboard processor generates signals for displaying on the device's screen a blue dot that shows the current location of the wireless mobile communication device. The Google map app estimates the location of the device from 3 sources: GPS (GPS uses satellites and knows your location within a few meters), Wi-Fi (the location of nearby Wi-Fi networks helps Maps know where you are), and cell towers |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| | (cell tower can be accurate up to a few thousand meters). When Google Maps isn't sure about your location, a light blue circle around the blue dot is shown. You might be anywhere within the light blue circle. The smaller the circle, the more certain the app is about your location.<br><br>Furthermore, Plaintiff contends Google Maps App provides flexibility to download maps on SD card/internal memory of communication device  examples of compatible devices is Samsung Galaxy S20, Pixel 4a, Pixel 4a 5G, Pixel 5, etc., and navigate offline. When internet is slow or mobile data is expensive, or communication device cannot connect to internet, an area can be saved to phone or tablet from Google maps app and use it when offline. Communication device can use Offline maps for Navigation through the downloaded area without internet. |
| wherein the processor displays to the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device; | Plaintiff contends the motherboard processor (i.e., processor on the motherboard) of each wireless communication device item<br><br>meets this limitation. The processor processes location-service information, including<br><br>displaying user navigation information according to the device's location with regards to geographic features and a user-specified<br><br>destination. For example, using Google map app for more examples of location services processed by each Exhibit-B device's motherboard processor) the device user locates the device's current location on the google map app and then provide details for<br><br>a destination on the options, provided in the Google map app. The user can then navigate (i.e., the processor processes display information) in real time from current location to destination. The processor displays navigation in the Google Maps app to display turn-by-turn directions. Using the Google map app, the processor will show the directions and use real-time traffic information to find the best route to the specified destination. |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network to which the second radio-frequency transceiver is coupled; and | Plaintiff contends each Accused System includes a base station and each of which is coupled to at least one antenna. Base station includes radio-frequency transceivers designed and used for radio-frequency communication with at least one antenna. When base-station transceivers and antennas are in communication, they are coupled. Further, in addition to being so coupled, the transceivers and antenna of each Exhibit-A item are also, by placement within a base station, physically coupled.<br><br>The cell of the wireless communications network include base stations for transmission and reception of wireless signals to and from the mobile wireless communication devices or UEs or user devices (mobile phones, laptops, tablets, PDAs etc.). These base stations are, therefore, RF transceivers. Also, these base stations are coupled with at least one antenna for the function of transmission and reception. |
| a second processor coupled to the at least one second radio-frequency transceiver programmed to determine the location of the wireless mobile communications device, | Plaintiff contends that Google Maps has one or more processors that determine(s) the location of wireless mobile communications devices. These processors communicatively coupled to the second RF transceiver(s) and are programmed to determine a wireless mobile communication device's location.<br><br>Wireless mobile communications devices can, through the second RF transceiver(s), communicatively connect to and use Google Maps. Google Maps' processors can determine the device's current location and direction from that location/source to any destination.  The processors are programmed to estimate the location of the device from 3 sources: GPS (GPS uses satellites and knows your location within a few meters), Wi-Fi (the location of nearby Wi-Fi networks helps Maps know where you are), and cell towers (cell tower can be accurate up to a few thousand meters). |
| wherein the second processor selectively determines the location of the wireless mobile communications | Plaintiff contends each wireless mobile can set preference flags that enable or disable accessibility to data relevant to the device's location by Location-Based Services (LBS) providers. Such programmability by a wireless device is at times known as a privacy setting.  Further, such programmability is available by location-permission granting (wireless mobile communications device must grant permission).<br><br>The LBS providers' processors select to determine a wireless mobile communications device's location if the preference flags applicable to that device have been set for enablement. The processors select to not determine a wireless mobile communications |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| device dependent on the setting of preference flags, | device's location if the preference flags applicable to that device have not been set for enablement. |
| wherein the second processor determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicates the location of the wireless mobile communications device to the first processor via the second radio-frequency transmitter, and | Plaintiff contends each wireless mobile can set preference flags that enable or disable accessibility to data relevant to the device's location by Location-Based Services (LBS) providers. The LBS providers' processors select to determine a wireless mobile communications device's location if the preference flags applicable to that device have been set for enablement. The processors select to not determine a wireless mobile communications device's location if the preference flags applicable to that device have not been set for enablement. <br><br> The Navigation hardware/software will only be able to determine and track the location of the Wireless communication device such as but not limited to including but not limited to Google's branded devices such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc., Plaintiff contends each wireless mobile can set preference flags that enable or disable accessibility to data relevant to the device's location by Location-Based Services (LBS) providers. Such programmability by a wireless device is at times known as a privacy setting. Further, such programmability is available by location-permission granting (wireless mobile communications device must grant permission). <br><br> Plaintiff contends that if the preference flags are enabled (i.e., the wireless-mobile-communication device's user has granted permission), LBS-providers' processor(s) proceed with determining the device's location and, when determined, communicates that location to the first processor through the second RF transceiver (which, as discussed above, is a transceiver to which the LBS-providers' processors communicatively couple). The LBS-providers' processors are programmed to estimate the location of the device from 3 sources: GPS (GPS uses satellites and knows your location within a few meters), Wi-Fi (the location of nearby Wi-Fi networks helps Maps know where you are), and cell towers (cell tower can be accurate up to a few thousand meters). |

| Exemplary Claim | Corresponding Structure in Accused Systems |
|---|---|
| wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device. | Plaintiff contends that if the preference flags are not enabled (i.e., the wireless-mobile-communication device's user has not granted permission), LBS provider application hardware/software, will not be able to determine and track the location of the Wireless communication device (Exhibit B) such as but not limited to Google's branded devices such as Google Pixel 5, pixel 4a 5G, pixel 4a, pixel 4 XL, pixel 4, pixel 3a XL, pixel 3a, pixel 3 XL, pixel 3, pixel 2, pixel 2 XL, pixel XL, pixel, pixel C or other (third-parties) branded devices such as Samsung Galaxy S20 Ultra, Galaxy S20 plus, Galaxy S20, Galaxy Z fold, Galaxy S10, Galaxy A series, etc. |

19. Defendant makes, uses, offers to sell, and/or sells within or imports into the U.S., wireless-network components and related applications and programs, and related services that use identified locations of wireless devices to provide tracking such that Defendant infringes claims 1–30 of the '388 patent, literally or under the doctrine of equivalents.

20. Defendant put the inventions claimed by the '388 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.   Defendant's acts

complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant obtaining monetary and commercial benefit from it.

21. Defendant has and continues to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, such as Verizon, T-Mobile and Sprint), and continues to do so, on how to use its products and services (e.g., wireless-network components and related applications and programs that use identified locations of wireless devices to provide tracking of mobile devices) such to cause infringement claims 1–30 of the '388 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known and should have known of the '388 patent, by at least by the date of the patent's issuance, or from the issuance of the '284 patent, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendant's patent applications, such that Defendant knew and should have known that it was and would be inducing infringement.

22. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies, such as Verizon, T-Mobile and Sprint), and continues to do so, on how to use its products and services e.g., wireless-network components and related applications and programs that use identified locations of wireless devices to provide tracking of mobile devices) such as to cause infringement of one or more of claims 1–30 of the '388 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '388 patent and the technology underlying it from at least the date of issuance of the patent or from the issuance of the '284 patent, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of

Defendant's patent applications, such that Defendant knew and should have known that it was and would be contributorily infringing.

23. Defendants have caused and will continue to cause Traxcell damage by infringing the '388 patent.

## V. PRAYER FOR RELIEF

WHEREFORE, Traxcell respectfully requests that this Court:

   i.   enter judgment that Defendants have infringed the Patents-in-Suit;

   ii.   award Traxcell damages in an amount sufficient to compensate it for Defendants' infringement of the Patents-in-Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

   iii.   award Traxcell an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

   iv.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award Traxcell its attorneys' fees, expenses, and costs incurred in this action;

   v.   declare Defendants infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

   vi.   a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants, from infringing the claims of the Patents-in-Suit or (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendants will be

adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

vii.     award Traxcell such other and further relief as this Court deems just and proper.

## JURY DEMAND

Traxcell hereby requests a trial by jury on issues so triable by right.

Respectfully submitted,

**Ramey & Schwaller, LLP**


By: <u>/s/ William P. Ramey, III</u>
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Traxcell Technologies, LLC***

26