IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>GOOGLE LLC,<br>*Defendant* | § § § § § § § § § | 6:21-CV-00023-ADA |
| TRAXCELL TECHNOLOGIES, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>APPLE, INC.,<br>*Defendant* | § § § § § § § § § | 6:21-CV-00074-ADA |

## ORDER

Plaintiff Traxcell filed the above-titled two actions against defendants Google and Apple, asserting infringement of U.S. Patent Nos. 9,549,388 ("the '388 patent") and 9,918,196 ("the '196 patent") (collectively, "the asserted patents") against each defendant. On August 6, 2021, Traxcell filed a Motion to Amend Complaint in both cases, attempting to assert a third patent — U.S. Patent No. 10,820,147 — against both defendants. -023 Action at Dkt. 26; -074 Action at Dkt. 27. Before the Court ruled on Traxcell's Motion to Amend Complaint, on October 25, 2021, Traxcell filed an Unopposed Amended Motion to Dismiss in each action, requesting the Court to dismiss its infringement claims against Google and Apple regarding the '388 and '196 patents without prejudice. -023 Action at Dkt. 33; -074 Action at Dkt. 38. Neither defendant has filed an answer in either action. The Court subsequently granted Traxcell's Motion to Amend Complaint on November 19, 2021. -023 Action at Dkt. 35; -074 Action at Dkt. 46. Defendants contend that Traxcell's Unopposed Motion to Dismiss immediately divested this Court of jurisdiction to

resolve any motions, rendering all pending motions moot. The Court held hearings on December 6 and 13, 2021, where the parties presented further arguments regarding the defendants' contentions. After careful consideration of the parties' arguments during the hearings and the applicable law, the Court finds that the above-titled two actions should be **DISMISSED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) states, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). "[A] plaintiff's right to file a notice of dismissal under Rule 41(a)(1)(A)(i) before the service of an answer or motion for summary judgment is absolute and unconditional." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715 (5th Cir. 2006) (quotation omitted). Furthermore, dismissal pursuant to Rule 41(a)(1)(A)(i) is "immediately self-effectuating" and requires no response from the Court or the opposing party. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).

Although Traxcell filed an unopposed Motion to Dismiss, rather than a "notice of dismiss," the Court finds that it is a voluntary dismissal under Rule 41(a)(1)(A)(i) in substance. *See Rozelle v. Lowe*, No. SA-16-CV-489-XR, 2016 WL 7228768, at *4-5, n.5 (W.D. Tex. Dec. 13, 2016) ("Though [filings may] not [be] formally titled as notices of dismissal, 'it is its content, not its label that matters' in construing a filing as a notice of dismissal under Rule 41.") (citation omitted); *see also Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (finding a filing "styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal' is, in our opinion, a distinction without a difference"). Because a dismissal pursuant to Rule 41(a)(1)(A)(i) is "immediately self-effectuating," "the district court is divested of jurisdiction over the case by the filing of the notice

of dismissal itself." *Qureshi*, 600 F.3d at 525. Therefore, the Court finds that Traxcell's claims against Google and Apple were effectively dismissed on October 25, 2021 when Traxcell filed its Unopposed Amended Motion to Dismiss.

It is therefore **ORDERED** that the above-identified two actions be **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 16th day of December, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE